```
08/05/2022                                                                  Page: 1
11:36:47
                      Cabell County Circuit Clerk's Office
                   Docket Entries for case CK-6-2022-C-243
              Style: Anthony Martinez
                            v.
                     Amazon.com Services, LLC
              Judge: Judge Alfred E. Ferguson

Sec   Date         Description

1  07/15/2022  Other: CIS, Complaint, 20 Day Summs Prepared by Atty Ret'd to Atty for Srvc by Cert/ml
2  08/05/2022  Other: ROS, Grn Crd sgd by Illedgrible obo Amazon NO DATE
```

IN THE CIRCUIT COURT OF CABELL COUNTY
HUNTINGTON, WEST VIRGINIA

ANTHONY MARTINEZ,

    PLAINTIFF,

v.

AMAZON.COM SERVICES, LLC,

    DEFENDANT.

Civil Action No. 22-C-243

/s/ ALFRED E. FERGUSON

## COMPLAINT

Your Petitioner, Anthony Martinez, by his attorney, Hoyt Glazer, Esq., of Glazer Saad Anderson L.C. files his Complaint against the Defendant, Amazon.Com Services, LLC for violating his rights under the West Virginia Human Rights Act, West Virginia Code §5-11-9. This is because the Defendant fired Mr. Martinez for alleged job abandonment despite his having regularly notified the Defendant that he was out sick for an extended period of time. Plaintiff contends the Defendant discriminated and retaliated against Mr. Martinez based on a disability and/or its perception of Mr. Martinez as a person with a disability.

## PARTIES

1. Plaintiff, Anthony Martinez, is a resident of Lawrence County, Ohio.

2. Defendant, Amazon.Com Service, LLC, is a worldwide, online retailer with its principal place of business in Seattle, Washington, and does business in West Virginia with a physical location in Cabell County, West Virginia.

3. At all times alleged, the Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, and/or assignment.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue over this civil action under Article VIII, §6 of the West Virginia Constitution and West Virginia Code §56-1-1.

## FACTS

5. On or about October 1, 2021, Mr. Martinez began working for Defendant as a temporary employee.

6. At all times during his employment with Defendant, Mr. Martinez worked full-time, forty-hour work weeks as a customer service representative and earned approximately $15/hr.

7. At all times during his employment, Mr. Martinez worked remotely from his home with the Defendant's approval and consent.

8. During his employment, Mr. Martinez communicated with Defendant's representatives in West Virginia.

9. At all times, Mr. Martinez met the Defendant's reasonable expectations and performed his duties satisfactorily or better.

10. On May 4, 2022, Mr. Martinez called in sick.

11. On May 5, 2022, Mr. Martinez tested positive for COVID-19, and, per Defendant's policy, notified Defendant of his condition.

12. Over the next couple weeks, Mr. Martinez regularly notified Defendant that he continued to suffer effects from COVID-19, which had also infected his wife and child.

13. On May 19, 2022, Mr. Martinez's supervisor, Ms. Johnna Damron, e-mailed him, and alleged that his initial medical leave of absence had been cancelled. Ms. Damron notified Mr. Martinez that if Defendant did not hear from him by 3 PM Friday, May 20th, Defendant

would process his separation from employment for job abandonment.

14. On May 20, 2022, at around 11 AM before the 3 PM deadline, Mr. Martinez e-mailed Ms. Damron back, and noted that he had communicated with her throughout his leave, and that he had experienced issues uploading documents related to the same.

15. On May 20, 2022, at 2:50 PM, ten minutes before expiration of the aforementioned deadline, Mr. Anthony Taylor, who had recently replaced Ms. Damron as Mr. Martinez' supervisor, notified Mr. Martinez that "we are assuming you are no longer interested in this position and will be processing this termination."

16. At 3:02 PM, Mr. Martinez e-mailed Mr. Taylor and noted he had "already responded to Johnna regarding this matter. I will forward the e-mail to you."

17. At 3:03 PM on May 20, 2022, Mr. Taylor e-mailed Mr. Martinez and asked him to forward the e-mail "asap."

18. On May 23, 2022, Mr. Martinez was finally able to upload the documentation involving his leave.

19. On May 24, 2022, the Defendant notified Mr. Martinez it had terminated him.

20. As a result of his termination, Mr. Martinez has lost wages and incurred other damages for which he seeks relief.

## COUNT I: DISABILITY DISCRIMINATION

21. Plaintiff incorporates the previous paragraphs as if set forth herein.

22. At all times mentioned, Plaintiff was a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

23. In specific, Plaintiff's sickness substantially limited certain major life activities including, but not limited to, working during the entire period that he had COVID-19.

Case 3:22-cv-00329 Document 1-1 Filed 08/08/22 Page 5 of 11 PageID #: 10


24. Alternatively, Defendants regarded Plaintiff as having an impairment that substantially limited one or more of his major life activities.

25. At all times alleged, the Plaintiff is and was qualified for the last job he held with the Defendants because Plaintiff satisfied the skill, experience, and other job-related requirements for the position he held, and he was and is able to perform the essential functions of her job, with or without reasonable accommodation.

26. Defendant took adverse action against Plaintiff when it intentionally and maliciously refused to recognize that Plaintiff had communicated he required a leave of absence during the period that he required care for COVID-19.

27. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take the above-referenced adverse actions against him.

28. Any reason alleged by Defendant for its above-referenced, adverse actions against Plaintiff, is pretext for the real reason, namely, the discrimination by Defendant against the Plaintiff based on his status as a person with a disability and/or its perception of him as a person with a disability.

29. As a direct and/or proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to his reputation, as well as other past and future pecuniary losses.

30. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm him and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests

punitive damages against Defendant and the relief as set forth below.

## COUNT II: FAILURE TO ACCOMMODATE

31. Plaintiff incorporates the previous paragraphs as if set forth herein.

32. Plaintiff was and is a qualified individual with a disability as that term is defined in the West Virginia Human Rights Act and cases deciding the same.

33. Plaintiff's COVID-19 infection is a physical impairment that substantially limited one or more major of his major life activities.

34. Defendant knew and/or had reason to know Plaintiff suffered from a physical condition that substantially limited one or more major life activities.

35. Plaintiff requested a reasonable accommodation—a medical leave of absence—to allow him time to care for his disability.

36. Defendants violated the West Virginia Human Rights Act by failing to provide reasonable accommodation to Plaintiff—a medical leave of absence—and/or by failing to engage in a good faith interactive process when it determined Plaintiff had "abandoned" his job.

37. Defendant's termination of Plaintiff was intentional, willful and in deliberate disregard of and/or with reckless indifference to the rights of Plaintiff, and supports an award of punitive damages.

38. As a direct and proximate result of Defendant's violation of Plaintiff's rights, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, mental anguish, and embarrassment.

## COUNT III: RETALIATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

39. Plaintiff incorporates the previous allegations of his Complaint.

40. West Virginia Code § 5-11-9(7)(A) prohibits an employer from engaging in any form of reprisal or to engage in or conspire with others to commit acts of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss, or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices.

41. West Virginia § 5-11-9(7)(C) prohibits reprisal or discrimination against any person because he or she has opposed any practices or acts forbidden under this article.

42. In seeking a medical leave of absence, Mr. Martinez believed in good faith that he was entitled to the protections of law prohibiting discrimination against him based on his having a disability, actual or perceived.

43. The Defendant's termination of Mr. Martinez resulted from its discrimination against him because he had sought a medical leave of absence related to a condition alleged as disabling, actual or perceived.

44. Defendant's termination of Mr. Martinez was willful and/or done with willful disregard of the West Virginia Human Rights Act and its anti-retaliation provisions sufficient to support an award of punitive damages.

45. As a result of Defendants' retaliation, Mr. Martinez has suffered wage loss and emotional damages.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff, Anthony Martinez,

By Counsel,

_____
Hoyt Glazer, Esq. (WV Bar #6479)

Abraham J. Saad, Esq. (WV Bar #10134)
Eric B. Anderson, Esq. (WV Bar #11895)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
hoyt@gsalaw-wv.com
abe@gsalaw-wv.com
eric@gsalaw-wv.com

IN THE CIRCUIT COURT OF __CABELL__ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 22-C-243
Judge: /s/ ALFRED E. FERGUSON

Plaintiff(s)
Anthony Martinez
c/o Glazer Saad Anderson L.C.
P.O. Box 1638, Huntington, WV 25717

vs.

Defendant(s)
Amazon.Com Services, LLC
Name
c/o Corporation Service Company
Street Address
209 W. Washington Street, Charleston, WV 25312
City, State, Zip Code

Days to Answer: 20
Type of Service: Certified Mail

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 3 / 2023

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [✓] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Hoyt Glazer
Firm: Glazer Saad Anderson L.C.
Address: P.O. Box 1638, Huntington, WV 25717
Telephone: (304) 522-4149

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and __2__ copies of complaint enclosed/attached.

Dated: 07 / 15 / 2022   Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 12/2015

# IN THE CIRCUIT COURT OF CABELL COUNTY
# HUNTINGTON, WEST VIRGINIA

**ANTHONY MARTINEZ,**                   Civil Action No. 22-C-243

    PLAINTIFF,

v.                                                  /s/ ALFRED E. FERGUSON

**AMAZON.COM SERVICES, LLC,**

    DEFENDANT.

## SUMMONS

To the above-named DEFENDANT:     Amazon.Com Services, LLC
                                                    CORPORATION SERVICE COMPANY
                                                    209 WEST WASHINGTON STREET
                                                    CHARLESTON, WV, 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney,** whose address is: **Glazer Saad Anderson L.C., 320 Ninth Street, Suite B, Huntington, WV 25701** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: **JUL 15 2022**

                                                         **MICHAEL J. WOELFEL**
                                                         Clerk of Court



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Amazon.com Services, LLC
Corporation Service Company
209 West Washington St.
Charleston, WV 25302

9590 9402 6265 0274 7215 45

2. Article Number (Transfer from service label)
7020 1290 0000 4327 2137

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
2022 AUG -5 A 11:38
MIKE WOELFEL
CIRCUIT CLERK
CABELL CO. WV

USPS TRACKING #
9590 9402 6265 0274 7215 45

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service
* Sender: Please print your name, address, and ZIP+4® in this box*
Hoyt Glazer
Glazer Saad Anderson, L.C.
P.O. Box 1638
Huntington, WV 25717